UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TIFFANY TOTH, GEMMA LEE, JESSA HINTON,
BROOKE TAYLOR, JESSE GOLDEN, LINA POSADA,
SHEENA LEE WEBER, HEATHER RAE YOUNG,          **15-cv-08028-NRB**
RACHEL KOREN, SABELLA SHAKE,  URSULA
MAYES and CARMEN ELECTRA,

                          Plaintiffs,          **THIRD-PARTY COMPLAINT**

          -against-


59 MURRAY ENTERPRISES, INC. d/b/a NEW YORK
DOLLS GENTLEMEN'S CLUB, BARRY LIPSITZ,
AAM HOLDING CORPORATION d/b/a PRIVATE
EYES GENLTEMEN's CLUB, ANITA MICELI, JAY-
JAY CABARET, INC. d/b/a FLASHDANCERS
GENTLEMEN'S CLUB and MARSHA LIPSITZ,

                        Defendants.
-------------------------------------------------------------------X
59 MURRAY ENTERPRISES, INC., BARRY LIPSITZ,
AAM HOLDING CORPORATION, ANITA MICELI,
JAY-JAY CABARET, INC., and MARSHA LIPSITZ,

                        Third-Party Plaintiffs,

          -against-

INTERNET MANAGEMENT CORP. and MELANGE
MEDIA GROUP LLC,

                        Third-Party Defendants.
-------------------------------------------------------------------X

        Defendants/Third-Party Plaintiffs 59 Murray Enterprises, Inc., Barry Lipsitz, AAM Holding

Corporation, Anita Micelli, Jay-Jay Cabaret, Inc. and Marsha Lipsitz (collectively, "Defendants"),

by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, for their Third-Party

Complaint against Third-Party Defendants Internet Management Corp. and Melange Media Group

LLC (each a "Third-Party Defendant" and, collectively, "Third-Party Defendants"), allege as follows:

## PARTIES

1.      Third-Party Defendant Internet Management Corp. ("IMC") is a foreign corporation with its principal place of business at 4095 State Road 7, Suite L-188, Wellington, FL 33449.

2.      Third-Party Defendant Melange Media Group LLC ("Melange") is a domestic limited liability company with its principal place of business at 142 East 39th Street, New York, NY 10016.

## JURISDICTION

3.      This Court has personal jurisdiction over IMC because it (a) upon information and belief, at certain times relevant hereto, maintained an office and/or conducted business with Defendants and others in New York State, (b)  contracted to provide the services described below for Defendants in New York State, and (c) committed tortious acts as alleged herein, both within and without the State of  New York that had a substantial impact within the State of New York.

4.      This Court has personal jurisdiction over Melange as it has a principal place of business in New York State.

## FACTUAL ALLEGATIONS

5.      Plaintiffs commenced an action in the United States District Court of the State of New York, Southern District, against Defendants, seeking to recover monetary damages for damages allegedly sustained as a result of Defendants' allegedly actionable conduct.

6.      The Second Amended Complaint with exhibits is annexed hereto as Exhibit A.

7.      Defendants' Answer to the Second Amended Complaint is annexed hereto as Exhibit B.

8.      Defendants contracted with IMC as an independent contractor for monetary consideration to create and operate websites, perform website advertising, graphic design and promotions.

9.      Defendants contracted with Melange as an independent contractor for monetary consideration to create and perform social media advertising, graphic design and promotions.

10.     Defendants reasonably relied on the understanding that the images and graphics used by each of the Third-Party Defendants in connection with their performance of their respective contractual obligations came from one or more third-party providers that had any and all required and appropriate rights or licenses to the images and graphics to be utilized for or on behalf of Defendants.

11.     Third-Party Defendants each impliedly warranted to Defendants that each of the websites and social media services being provided were fit for the intended purposes in that, among other things, the content thereof did not infringe the intellectual property or other rights of any persons or entities and that each of the Third-Party Defendants had all required permissions, releases or licenses for the use of the images provided or that same were not required.

12.     Each of the Third-Party Defendants had an implied obligation to perform its contractual duties to Defendants fairly and in good faith .

13.     To the extent that Plaintiffs' alleged rights were infringed, said infringement is due to the fact that each of the Third-Party Defendants did not properly secure or obtain permission, releases or licenses from the third-party provider for the images to be used in the website and social media advertising, graphic design, and promotions provided by that Third-Party Defendant.

14.     Each of the Third-Party Defendants did not investigate, and failed to disclose to Defendants, any potential issues with permissions, releases or licenses to use Plaintiffs' images

and/or photographs including the fact that such Third-Party Defendant had not secured or obtained the required permission, releases or licenses and that same were required.

15.     Each of the Third-Party Defendants failed to investigate whether the persons or entities from which it had secured the images and/or photographs utilized had obtained and possessed the required permissions, releases or licenses to use the images and/or photographs being supplied such that the use of same did not infringe the intellectual property or other rights of third parties such as Plaintiffs and failed to investigate whether such permissions, releases or licenses were required.

16.     Defendants were unaware that any images and/or photographs on the websites and social media advertising, graphic design, or promotions were allegedly not appropriately authorized or licensed until so notified by or on behalf of Plaintiffs shortly before Plaintiffs filed this action.

17.     Defendants never requested that either of the Third-Party Defendants use the photographs or images of any of the Plaintiffs herein or of any specific person.

18.     Each of the Third-Party Defendants never advised Defendants that the images of any of the Plaintiffs or of any specific person were included on the websites or social media, which facts each Third-Party Defendants knew or should have known and recklessly disregarded.

19.     Defendants never learned from any source that the images included on their websites and social media sites included Plaintiffs' images or that said images were allegedly used without authorization prior to being so advised by Plaintiffs shortly before Plaintiffs filed this action.

20.     To the extent that Plaintiffs' rights were violated by virtue of any conduct by Defendants or for which Defendants are responsible, each Third-Party Defendants' failure to properly seek and obtain permission or licenses for the images, and/or failure to follow the

instructions on the webpage they used to obtain content constitutes a "but for" and proximate cause for any alleged violations of Plaintiffs' rights.

## FIRST CLAIM FOR RELIEF
(Negligence/Gross Negligence)

21.      Defendants repeat and reallege the allegations each and every allegation contained in paragraphs 1 through 20 as though fully set forth herein.

22.      By failing to investigate to determine whether the images being supplied for Defendants infringed the intellectual property or other rights of third parties, including Plaintiffs, and/or failing to obtain all appropriate permissions, releases or licenses, each of the Third-Party Defendants acted in an unreasonable manner under the circumstances and negligently breached the duty of care it owed to Defendants.

23.      Upon information and belief, the behavior of each of the Third-Party Defendants under the circumstances amounts to wanton, willful or reckless misfeasance properly characterized as gross negligence.

24.      If Plaintiffs were caused to sustain the alleged injuries and damages at the time and manner set forth in Plaintiffs' Complaint, then said alleged injuries and damages were caused in whole or in part by or resulted from the acts or omissions of each of the Third-Party Defendants including but not limited to each Third-Party Defendants' failure to obtain all appropriate permissions, releases or licenses.

25.      Defendants  were or will be damaged by virtue of each Third-Party Defendant's negligence in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Breach of Implied Warranty)

26.     Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 25 above as though fully set forth herein.

27.     Each of the Third-Party Defendants breached its implied warranties to Defendants that the websites and social media services being provided were fit for the intended purposes in that, among other things, the content thereof did not infringe the intellectual property or other rights of any persons or entities and that each said Third-Party Defendants had all required permissions, releases or licenses for the use of the images provided.

28.     If Plaintiffs were caused to sustain the alleged injuries and damages at the time and manner set forth in Plaintiffs' Complaint, then said alleged injuries and damages were caused in whole or in part by or resulted from the acts or omissions of each of the Third-Party Defendants including but not limited to each said Third-Party Defendant's failure to obtain all appropriate permissions, releases or licenses.

29.     Defendants  were or will be damaged by virtue of each Third-Party Defendant's breach of warranty in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
(Breach of Implied Covenant)

30.     Defendants repeat and reallege each and every allegation contained in paragraphs numbered 1 through 29 above as though fully set forth herein.

31.     The contracts between Defendants and Third-Party Defendants included an implied covenant of good faith and fair dealing.

32.     As applied to the facts and circumstances at bar, the implied covenant of good faith and fair dealing required each Third-Party Defendant to only post content on Defendants' websites

and social media sites that did not infringe on the rights of third-parties such as Plaintiffs, and to take all reasonable steps necessary or appropriate to assure that the content posted on Defendants' websites and social media sites did not infringe on the rights of third-parties such as Plaintiffs.

33.     The acts and omissions of each of the Third-Party Defendants complained of herein breached the implied covenant of good faith and fair dealing.

34.     If Plaintiffs were caused to sustain the alleged injuries and damages at the time and manner set forth in Plaintiffs' Complaint, then said alleged injuries and damages were caused in whole or in part by or resulted from the acts or omissions of each of the Third-Party Defendants including but not limited to the failure of each Third-Party Defendant failure to obtain all appropriate permissions, releases or licenses.

35.     Defendants  were or will be damaged by virtue of each Third-Party Defendant's breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
(Indemnification)

36.     Defendants repeat and reallege each and every allegation contained in paragraphs numbered 1 through 35 above as though fully set forth herein.

37.     By reason of the foregoing, if it is determined that Plaintiffs were caused to sustain the alleged injuries and damages at the time and manner set forth in Plaintiffs' Complaint, then said alleged injuries and damages were caused in whole or in part by or resulted from the actionable conduct of each of the Third-Party Defendants, including each Third-Party Defendant's failure to obtain all appropriate permissions, releases or licenses.

38.     If it is determined that Plaintiffs were caused to sustain the alleged injuries and damages at the time and manner set forth in Plaintiffs' Complaint, and it is found that Defendants are liable to Plaintiffs, all of which is specifically denied, then Defendants  are entitled to common

law indemnification from and judgment over against each of the Third-Party Defendants for any judgment or verdict that Plaintiffs may recover as against Defendants, to the extent caused by said Third-Party Defendant..

39.     By reason of the foregoing, if the Court renders a decision in favor of Plaintiffs with respect to any of their claims in this action, and to the extent that Defendants are adversely affected, then each of the Third-Party Defendants will be liable to Defendants for all damages, interest, attorneys' fees, and costs sustained or incurred by Defendants as a result thereof.

40.     By reason of the foregoing, each of the Third-Party Defendants is obligated to indemnify and hold harmless, and to reimburse Defendants, for all expenses incurred arising from or relating to the defense of the case at bar, and for any payment or settlement or by verdict or judgment entered in connection therewith , to the extent caused by said Third-Party Defendant.

## FIFTH CLAIM FOR RELIEF
### (Contribution)

41.     Defendants repeat and reallege each and every allegation contained in paragraphs numbered 1 through 40 above as though fully set forth herein.

42.     By reason of the foregoing, if it is determined that Plaintiffs were caused to sustain the alleged injuries and damages at the time and manner set forth in Plaintiffs' Complaint, then said alleged injuries and damages were caused in whole or in part by or resulted from the actionable conduct of each of the Third-Party Defendants', including but not limited to their failure to obtain all appropriate permissions  or licenses, other culpable conduct, violation of statutory duties, breach of contract, misrepresentation, negligence, recklessness, and/or other tortious conduct.

43.     If it is determined that Plaintiffs were caused to sustain the alleged injuries and damages at the time and manner set forth in Plaintiffs' Complaint, and it is found that Defendants are liable to Plaintiffs, all of which is specifically denied, then Defendants are entitled to common

law contribution from and judgment over against each of the Third-Party Defendants for any judgment or verdict that Plaintiffs may recover as against Defendants , to the extent caused by said Third-Party Defendant.

44.     By reason of the foregoing, if the Court renders a decision in favor of Plaintiffs with respect to any of their claims in this action, and to the extent that Defendants are adversely affected, then Defendants are entitled to contribution from and judgment over and against each Third-Party Defendants in the amount of any excess paid by the Defendants over and above their equitable share of the judgment recovered by Plaintiffs, all determined in accordance with the relative culpability of each person or entity liable for contribution.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Third-Party Plaintiffs demand judgment over and against the each of the Third-Party Defendants as follows:

a)     On the First, Second, Third and Fourth Claims for Relief, judgment that each of the Third-Party Defendants, to the extent of the relative culpability of such Third-Party Defendant, is liable to indemnify Defendants, and an award of all damages sustained, together with costs and expenses, inclusive of counsel fees, as well as an award to Defendants for any amount Defendants may pay to the Plaintiffs, whether by entry of judgment or by settlement;

b)     On the Fifth Claim for Relief, judgment that each of the Third-Party Defendants, to the extent of the relatively culpability of such Third-Party Defendant, is liable to contribute to any judgment that may be recovered by Plaintiffs against Defendants in the amount of any excess paid by the Defendants over and above their equitable share of the judgment recovered by Plaintiffs, together with costs and expenses, inclusive of counsel fees;

c)     An award of attorneys' fees and costs to Defendants, in an amount to be determined;

d)        Such other and further relief as is just and proper.

Dated:  New York, New York
        July 15, 2016

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:     /s/ Peter T. Shapiro_____
        Peter T. Shapiro, Esq.
        *Attorneys for Defendants/Third-Party Plaintiffs  59*
        *Murray Enterprises, Inc., Barry Lipsitz, AAM*
        *Holding Corporation, Anita Micelli, Jay-Jay*
        *Cabaret, Inc. and Marsha Lipsitz*
        77 Water Street, Suite 2100
        New York, New York  10005
        212-232-1300
        Peter.Shapiro@lewisbrisbois.com