

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

July 5, 2017

File No. 27213.63

**Via ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *Toth v. 59 Murray Enterprises, Inc., et al. v. Internet Management Corp., et al.*
             15-CV-8028 (NRB)

Dear Judge Buchwald:

    I represent Defendants herein. I submit this letter in support of Defendants' position that the Court should decline to enter judgment based on the Proposed Judgment and Notice of Acceptance of Offer of Judgment submitted by Plaintiffs' counsel to the Orders and Judgments Clerk. Judgment should not be entered because Plaintiffs' putative acceptance does not conform to the offer such that there was no meeting of the minds.

    According to Plaintiffs' counsel, Defendants offered to settle for $82,500 on each individual claim for relief in Plaintiffs' Second Amended Complaint, or a total of $660,000. In fact, the offer stated that it was for a total of a definite total sum, $82,500, to resolve the entire case including costs and fees. A copy of the Offer of Judgment was submitted to the Court by Plaintiffs' counsel together with the proposed judgment. The figure of $660,000 was not mentioned in the offer and was clearly not contemplated; rather, $82,500 was intended to dispose of the entire case. Plaintiffs' counsel is well aware of Defendants' stated intent based on written communications among counsel that directly preceded the offer, as was confirmed immediately after receipt of the putative acceptance.

    The fact that Defendants' offer to settle this case was for the definite sum of $82,500, not $660,000, is dispositive in view of the purpose of Rule 68 to effectuate agreements for the resolution of disputes. *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

    In furtherance of this purpose, an offer of judgment made pursuant to Rule 68 must specify a **definite sum** or other relief for which judgment may be entered and must be unconditional. 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3002, p. 92 (2d ed. 1997). This is

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • WASHINGTON • WEST VIRGINIA
4812-7721-6331.1

Hon. Naomi Reice Buchwald
July 5, 2017
Page 2

because the plaintiff must know unequivocally what is being offered in order to be responsible for refusing such offer. *Arkla Energy Res. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir.1993).

*Simmons v. United Mortg. and Loan Inv., LLC,* 634 F.3d 754, 764 (4th Cir. 2011) (emphasis added).

Plaintiffs cannot pretend that they ever received an offer for the definite sum of $660,000. Hence, their putative acceptance of an illusory offer for that amount is a nullity. Yet counsel has taken the specious position that his acceptance was proper and rejected Defendants' entreaties to eschew submitting their proposed judgment.

"Offers of judgment pursuant to Fed.R.Civ.P. 68 are construed according to ordinary contract principles." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany,* 369 F.3d 91, 95 (2d Cir. 2004) (citation omitted). Under contract law, it is necessary to examine the parties' manifestations of intent conveyed to each other. Restatement of Contracts §§ 18-23.

The courts have not hesitated to reject nonconforming acceptances on the grounds that they do not conform to the offer extended as there was no meeting of the minds between the parties. *E.g., Radecki v. Amoco Oil Co.*, 858 F.2d 397, 403 (8th Cir. 1988) (reversing district court and holding that acceptance was invalid as there was no mutual assent since the acceptance did not match the offer); *Christian v. R. Wood Motors*, no. 91-CV-1348, 1995 U.S. Dist. LEXIS 5560 (N.D.N.Y. 1995); *Johnson v. Seneca Cnty.*, no. 08-CV-6459L, 2011 WL 767705, *2 (W.D.N.Y. 2011).

Here, the fact circumstances belie any contention by Plaintiffs that they understood the offer to be for a sum eight times the amount actually offered. In June 2017 counsel discussed settlement. Defendants offered $82,500 to dispose of the entire case. Plaintiffs' countered by demanding $800,000. By a June 8th email, I advised that the amount demanded was too high to counter and discussion ensued about possibly asking the Court to schedule a settlement conference. By a June 15th email, a copy of which is annexed hereto, I advised that rather than countering the demand I would be filing an offer of judgment for the same amount previously offered; i.e., $82,500. Via a subsequent email I confirmed that Plaintiffs' demand was too high to counter. Hence, when counsel reviewed the offer which was conveyed on June 15th, counsel well knew that the offer was for $82,500 to dispose of the entire case, not $82,500 for each claim for relief. Therefore, the putative acceptance did not conform to the terms of the offer. In addition, I also note that Defendants withdrew the offer of judgment via a subsequent communication when Plaintiffs' counsel adhered to the position that the acceptance was valid. There is no longer any open offer capable of acceptance.

To the extent there is any ambiguity as to the offer, the evidence as to the parties' communications and understanding of the offer before it was made compels the conclusion that there was no meeting of the minds. *Catanzano v.Doar*, 378 F.Supp.2d 309 (W.D.N.Y. 2005).

Hon. Naomi Reice Buchwald
July 5, 2017
Page 3

>In order to create a binding agreement there must have been an objective manifestation of mutual assent. This can be inferred from external indications reflecting thoughts and intentions of the parties which show a "meeting of the minds." See 1 Corbin on Contracts § 4.13 (Rev. ed.1993); see also *Radecki*, 858 F.2d at 400 (applying this principle to Rule 68 offers and acceptances and citing other cases). There is no binding agreement if "the parties attach materially different meanings to their manifestations and ... neither party knows or has reason to know the meaning attached by the other." Restatement (Second) of Contracts § 20(1)(a) (1981).

*Stewart v. Prof'l Computing Centers, Inc.*, 148 F.3d 937, 939 (8th Cir. 1998) (holding that the circumstances reflected that there was no meeting of the minds and thus no valid acceptance of the defendant's Rule 68 offer).

    Defendants submit that Plaintiffs have resorted to this maneuver as a means to avoid the consequences of their failures to comply with this Court's order for the production of documents in an effort to prevent Defendants from being able to fully defend against their claims. To date, months after Plaintiffs were ordered to produce their tax returns, they have still yet to provide complete tax returns for Plaintiffs Toth, Farrell, Golden, Posada, Mayes, Hinton, and Shake. For several Plaintiffs they have not provided copies of the releases concededly executed by many of the Plaintiffs involving the photographs in question. Defendants are being prejudiced in defending this action by Plaintiffs' noncompliance. Also, two depositions of Plaintiffs remain to be completed. The deposition of Plaintiff Shake will need to be completed in New York as counsel improperly directed her not to answer questions about her manager under the guise of privilege, a position this Court addressed and rejected when it was raised during the next deposition, and we may need to question her about additional tax returns if she complies with the Court's order and produces same. So that we may be able to timely complete fact discovery, we ask that the Court schedule a conference as soon as possible to address our application for an order of preclusion based on Plaintiffs' violation of the Court's orders.

    Thank you for your attention to this matter.

    Respectfully,

    *Peter T. Shapiro*

    Peter T. Shapiro of
    LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:  Plaintiffs' counsel (via ECF)