```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TIFFANY TOTH, GEMMA LEE,
JESSA HINTON, BROOKE TAYLOR,
JESSE GOLDEN, LINA POSADA,
SHEENA LEE WEBER, HEATHER RAE YOUNG,
RACHEL KOREN, SABELLA SHAKE,
URSULA MAYES, and CARMEN ELECTRA,

                Plaintiffs,              MEMORANDUM AND ORDER

    - against -                          15 Civ. 8028 (NRB)

59 MURRAY ENTERPRISES, INC.,
d/b/a NEW YORK DOLLS GENTLEMEN'S
CLUB, BARRY LIPSITZ, AAM HOLDING
CORPORATION, d/b/a PRIVATE EYES
GENTLEMEN'S CLUB, ANITA MICELI,
JAY-JAY CABERET, INC., d/b/a
FLASHDANCERS GENTLEMEN'S CLUB,
and MARSHA LIPSITZ,

                Defendants.

------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On July 5, 2017, the Court received from defense counsel a letter requesting that the Court decline to enter a proposed judgment that had been submitted by plaintiffs' counsel to the Orders and Judgments Clerk.  Shapiro Letter, ECF No. 56.  On July 7, 2017, we received plaintiffs' counsel's response. Golaszewski Letter, ECF No. 57.  The dispute arose from the defendants' Rule 68 offer "to Plaintiffs collectively to take a judgment against Defendants in the amount of $82,500.00, inclusive of interest, costs and attorneys' fees, and without

1

any admission of liability, on each of the Causes of Action contained in the Complaint, based upon facts existing as of the date of acceptance of the offer."  The plaintiffs' position was that the defendants effectively offered $82,500 on each of the eight causes of action, for a total of $660,000, and that given the plaintiffs' acceptance of this sum the Court was required to endorse the judgment.  By contrast, the defendants argued that they had intended to offer only a total of $82,500 and accordingly there existed no meeting of the minds.  We hold that because the Rule 68 offer was ambiguous, it is invalid.  See, e.g., Stanczyk v. City of N.Y., 752 F.3d 273, 284 (2d Cir. 2014) (approving of the principle "that an ambiguous Rule 68 offer is inoperative"); Struthers v. City of N.Y., No. 12 Civ. 242, 2013 WL 5407221, at *5 (E.D.N.Y. Sept. 25, 2013) ("The ambiguity in the Rule 68 offer renders it invalid.").

"Contract language is ambiguous if it is reasonably susceptible of more than one interpretation, and a court makes this determination by reference to the contract alone. Conversely, contractual language is unambiguous if it has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion."  Goodheart Clothing Co. v. Laura Goodman Enters.,

2

Inc., 962 F.2d 268, 272 (2d Cir. 1992) (internal quotation marks and citations omitted and alteration incorporated).

The defendants' offer here was ambiguous. The very nature of the document requires the offer of a "definite sum," 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3002 (2d ed.) (collecting cases), but the wording "to Plaintiffs collectively to take a judgment against Defendants in the amount of $82,500.00, inclusive of interest, costs and attorneys' fees, and without any admission of liability, on each of the Causes of Action contained in the Complaint" casts uncertainty on what sum is offered. At the very least, the word "collectively" contradicts the word "each." A reasonable lawyer would further recognize that the phrase "on each of the Causes of Action" was likely (but not certainly) a misplaced modifier. Plaintiffs' counsel himself notes that "neither the undersigned nor any other lawyer at Plaintiffs' counsel's firm had *ever* seen [a] Rule 68 offer worded like Defendants' Offer," and that he considered the possibility that "Defendants['] very purpose in issuing the Offer as worded was to create an ambiguity, and thus have it both ways." Golaszewski Letter at 3, 4. His confusion is evidence that the language is reasonably susceptible of more than one interpretation and is therefore ambiguous.

3

What is more, given the history of the parties' settlement negotiations, plaintiffs' counsel had reason to know what the defendants likely meant despite the ambiguous wording. The negotiations had indisputably gone as follows: defendants made an informal offer of $82,500, plaintiffs countered with a demand for $800,000, and then defendants made their formal Rule 68 offer "to Plaintiffs collectively . . . in the amount of $82,500.00, inclusive of interest, costs and attorneys' fees, and without any admission of liability, on each of the Causes of Action contained in the Complaint . . . ." Plaintiffs' counsel's assertion that he was entitled to ignore this history and declare the offer to be an unambiguous $660,000 strains credulity. See Steiner v. Lewmar, Inc., 816 F.3d 26, 33-34 (2d Cir. 2016) (courts may consider "all the circumstances" to evaluate the parties' intent).

Plaintiffs cited to several cases for the proposition that Rule 68 offers are strictly construed and rigidly enforced, creating the impression that we have no discretion to do anything but interpret ambiguities against the Rule 68 offeror and enter judgment thereto. But a court has exclusive supervisory authority over a case and the plaintiffs' proposed bright-line rule would render this authority meaningless. See Cesar v. Rubie's Costume Co., 219 F.R.D. 257, 260 (E.D.N.Y. 2004). In fact, the case law makes clear that a court has the

4

power to declare a Rule 68 offer invalid because of ambiguity, among other reasons.  See, e.g., Struthers, 2013 WL 5407221, at *5 (because "there [wa]s a 'reasonable basis for a difference of opinion' as to whether the offer of judgment is from the City or from all defendants in the action," the court declared the Rule 68 offer invalid); Stanczyk, 752 F.3d at 284 (approving of Struthers and noting that an "ambiguous Rule 68 offer" may be deemed "inoperative"); Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 455 (5th Cir. 2003) (failure to quantify all damages in Rule 68 offer meant that "mutual assent did not exist between the parties," affirming "district court's refusal to enter judgment").  That is what we do so here.

Finally, while we recognize that Rule 68 offers carry heightened risks and therefore require stricter scrutiny, the plaintiffs' horribles are simply hypothetical in the situation at hand.  As defendants immediately worked to rectify the problem and bring it to the Court's attention, plaintiffs have experienced no prejudice and bear no Rule 68(d) exposure.  Defendants' counsel do not win any awards for their drafting skills.  However, we expect that they will take care going forward.

This Memorandum and Order resolves docket entry 56.

**SO ORDERED.**


Dated:  New York, New York
        July 26, 2017

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

6